IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUL -5 PM 2:06

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cv. No. 05-2127-D/P |
|  | ) | Cr. No. 01-20295-D |
| ARNEATHA WILEY, | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER DENYING MOTION FOR PRODUCTION OF TRANSCRIPTS

Defendant, Arneatha Wiley, an inmate at the Federal Prison Camp (FPC) in Greeneville, Illinois, has filed a motion under 28 U.S.C. § 2255, along with motions for appointment of counsel and for free transcripts. Wiley filed a motion to proceed in forma pauperis in support of the motion for appointment of counsel.

Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides:

> If an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)[1] and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of

---

[1] The reference to 18 U.S.C. § 3006A(g), instead of 3006A(a)(2)(B), both here and in Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts, is a result of the failure of Congress and the Rules Committee to amend the Rules after section 3006A was amended. The language formerly located at subsection g has since been slightly modified and transferred to subsection (a)(2)(B).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

counsel under 18 U.S.C. § 3006A at any stage of the proceeding if the interest of justice so requires.

If, after reviewing the amended motion to vacate, the Court concludes that a hearing is necessary, the Court will appoint counsel if Wiley qualifies to proceed as a pauper at that time. The motion to proceed in forma pauperis and motion for appointment of counsel are DENIED. The Court will revisit Wiley's pauper status if it concludes that a hearing is necessary.

Wiley has filed a motion for free transcripts. Under 28 U.S.C. § 2255, he may only obtain one "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f).

In order for the Court to decide if the suit is not frivolous, a defendant must make a particularized showing of need for the transcript to justify providing the transcript at government expense. United States v. MacCollom, 426 U.S. 317, 326 (1976). "A federal prisoner is not entitled to obtain copies of Court records at the Government's expense to search for possible defects merely because he is indigent." Campbell v. United States, 538 F.2d 692, 693 (5th Cir. 1976). See also United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979)(no post-appeal right to a transcript before filing motion under 28 U.S.C. § 2255); Bentley v. United States, 431 F.2d 250, 252 (6th Cir. 1970)(defendant not entitled to free transcript to search for grounds to file a motion under § 2255); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)("An indigent is not entitled to a transcript at government

expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").

> "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith."

Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964)(quoting United States v. Lawler, 325 F. Supp. 602, 605 (S.D. Tex. 1959)).

Defendant does not allege what transcripts are needed or that they contain any information not presented in this motion. The defendant suggests no basis for the request other than indigency and the belief of entitlement to relief under § 2255. The Court has not yet reviewed the issues presented in this motion to determine if they are frivolous.

Thus, Wiley has not demonstrated a particularized need for the requested transcripts and the motion is DENIED.

IT IS SO ORDERED this 30th day of June 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02127 was distributed by fax, mail, or direct printing on July 6, 2005 to the parties listed.

---

Tracy Berry
167 No Main, 8th Floor
Memphis, TN 38103

USA
,

Arneatha Wiley
17788-076
P.O. Box 6000 D-2
Greenville, IL 62446

Honorable Bernice Donald
US DISTRICT COURT